**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CSX TRANSPORTATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEN'S FOODS, INC. <br><br> Defendant. | C.A. NO. 1:16-CV-10115 |

## ANSWER OF DEFENDANT KEN'S FOODS, INC.

Pursuant to the provisions of Rules 8 and 12 of the Federal Rules of Civil Procedure, the Defendant, Ken's Foods, Inc., responds as follows to the Complaint of the Plaintiff, CSX Transportation, Inc.:

1. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 1 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

2. Admitted.

3. Inasmuch as Paragraph 3 of the Complaint purports to set forth a legal conclusion rather than an averment of fact, no response is required thereto.

4. Inasmuch as Paragraph 4 of the Complaint purports to set forth a legal conclusion rather than an averment of fact, no response is required thereto.

5. Inasmuch as Paragraph 5 of the Complaint purports to set forth a legal conclusion rather than an averment of fact, no response is required thereto.

6. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

7. Denied.

8. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 8 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

9. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 9 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

10. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 10 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

11. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 11 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

12. Denied.

13. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 13 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

14. The Defendant does not have sufficient information to either admit or deny the allegations set forth in Paragraph 14 of the Complaint, and calls upon the Plaintiff to prove the same at trial.

15. Denied.

16. Denied.

## **FURTHER DEFENSE**

And further saying by way of defense, the Complaint fails to state a claim upon which relief may be granted.

## **FIRST AFFIRMATIVE DEFENSE**

And further saying by way of affirmative defense, the Defendant states that the Plaintiff is precluded from recovery against the Defendant because there was no privity contract between the parties.

## **SECOND AFFIRMATIVE DEFENSE**

And further saying by way of affirmative defense, the Defendant states that the Plaintiff is precluded from recovery against the Defendant because no services were rendered by the Plaintiff to the Defendant.

## **THIRD AFFIRMATIVE DEFENSE**

And further saying by way of affirmative defense, the Defendant states that if any amounts are due and owing to the Plaintiff, they are owed by DSA Management, Inc.

## **FOURTH AFFIRMATIVE DEFENSE**

And further saying by way of affirmative defense, the Plaintiff is precluded from recovery under the doctrine of waiver.

## **FIFTH AFFIRMATIVE DEFENSE**

And further saying by way of affirmative defense, the Plaintiff is precluded from recovery under the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

And further saying by way of affirmative defense, the Plaintiff is precluded from recovery under the doctrine of election of remedies.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that this Court dismiss the Complaint with prejudice, award the Defendant its reasonable costs and attorneys' fees, and grant such other relief as may be deemed just and appropriate.

Dated:  February 23, 2016                                KEN'S FOODS, INC.
                                                         By its attorneys,


                                                         */s/ Lawrence G. Green*
                                                         Lawrence G. Green, BBO #209060
                                                         lgreen@burnslev.com
                                                         Laura Lee Mittelman, BBO #689752
                                                         lmittelman@burnslev.com
                                                         BURNS & LEVINSON LLP
                                                         125 Summer Street
                                                         Boston, MA 02110
                                                         Tel. 617-345-3000
                                                         Fax 617-345-3299

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2016, this Answer of Defendant Ken's Foods, Inc., filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

>*/s/ Laura Lee Mittelman*
>Laura Lee Mittelman

4838-2971-1662.1